# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIANO and JOANNE MATTEI, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE CORP. and ALLISON FELDBAUER | CIVIL ACTION <br><br> NO. 18-4643 |

## MEMORANDUM RE: MOTION TO REMAND

**Baylson, J.**                                                                                                             **January 2, 2019**

### I.     Introduction and Background

On September 17, 2018 Plaintiffs Mariano and Joanne Mattei filed a complaint against Defendants Liberty Mutual Insurance Corp. ("Liberty Mutual")[1] and Allison Feldbauer, the second claims adjuster assigned to evaluate Plaintiff Mariano Mattie's claim, in the Court of Common Pleas of Philadelphia County. (ECF 1, Notice of Removal Ex. A, Compl.) Plaintiffs' Complaint arises from a motor vehicle accident that occurred on or about May 11, 2015. (Id. ¶ 13.) Plaintiff Mariano Mattei alleges that his insurer, Liberty Mutual, failed to honor the underinsured motorist provision of his insurance contract and exhibited bad faith in its handling of his claim in violation of 42 Pa. C.S.A. § 8371 and in breach of its fiduciary duties. Mariano Mattei also alleges that Defendant Feldbauer acted in bad faith by requesting information about Plaintiff's claim only to delay litigation and to prepare Liberty Mutual's defenses in litigation. Finally, Plaintiff Joanne Mattei alleges that both Defendants caused her loss of consortium.

On October 26, 2018, Liberty Mutual filed a Notice of Removal in this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (ECF 1). Liberty Mutual contends in the

---

[1] Defendant contends that The First Liberty Insurance Corporation was improperly pled as Liberty Mutual Insurance Corporation. (ECF 1, Notice of Removal, at 1.)

Notice of Removal that this Court has jurisdiction because Plaintiffs reside in Pennsylvania, Liberty Mutual is incorporated in Illinois and its principal place of business is Massachusetts, and Defendant Feldbauer, a Pennsylvania resident, was fraudulently joined to defeat diversity. (Id. at 1.)[2] Feldbauer cannot be held directly liable, Liberty Mutual argues, because Liberty Mutual is vicariously liable for her actions in connection with Plaintiff Mariano Mattei's claim. (Id. at 3.)

Plaintiffs filed a Motion to Remand on November 29, 2018 (ECF 7, "Mot. to Remand"). Plaintiffs' Motion to Remand alleges that Liberty Mutual's principal place of business is Pennsylvania because the parties' insurance policy identifies Liberty Mutual's Philadelphia office as the "Liberty Mutual Office" and provides Liberty Mutual's Philadelphia telephone number for Plaintiffs to call to ask "[q]uestions about your policy." (Id. at 6.) Plaintiffs also contend that Defendant Feldbauer was not fraudulently joined, and that therefore, diversity jurisdiction does not exist. (Id. at 8–9.)

On November 30, 2018, Defendants filed an Opposition to Plaintiff's Motion to Remand (ECF 8, "Opp'n"). Defendants' Opposition contends that Liberty Mutual's principal place of business is Massachusetts, where it is headquartered, and that Defendant Feldbauer was fraudulently joined, as Feldbauer's alleged liability is imputed to Liberty Mutual, her employer. (Id. at 1–2.)

For the reasons discussed below, Plaintiff's Motion to Remand will be denied.

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a civil action filed in a state court may be properly removed if the federal court would have had original jurisdiction over the action. District courts "have original

---

[2] Because Defendants' Notice of Removal does not include page numbers, the Court refers to the page numbers of the ECF filing.

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive interests and costs, and is between [] citizens of different states." Id. § 1332(a)(1). The removal statute is strictly construed and all doubts are to be resolved in favor of remand. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).

Section 1332 requires complete diversity, meaning that "every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006); see also GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 34 (3d Cir. 2018). A corporate defendant is a citizen of its state of incorporation and the state where it has its principal place of business, which is normally where the corporation is headquartered. Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010). Here, Plaintiffs and Defendant Feldbauer are Pennsylvania citizens; therefore, complete diversity is lacking and under most circumstances, the Court would lack jurisdiction to hear the case.

An exception to the complete diversity rule exists in cases where a non-diverse defendant has been fraudulently joined. The doctrine of fraudulent joinder permits a defendant to remove an action notwithstanding a lack of complete diversity, "if [the diverse defendant] can establish that the non-diverse defendant[] w[as] 'fraudulently' named or joined solely to defeat diversity jurisdiction." Oritz v. Cequent Performance Prod., No. 16-6593, 2017 WL 1277643, at *2 (E.D. Pa. Apr. 3, 2017) (Baylson, J.) (quoting Briscoe, 448 F.3d at 216) (internal quotation marks omitted). If a non-diverse defendant was fraudulently joined, then this Court may disregard the citizenship of the non-diverse defendant to determine diversity of citizenship. Briscoe, 448 F.3d at 216. Alternatively, if the Court determines that joinder was not fraudulent, the Court must remand the case for lack of subject matter jurisdiction. Id.

3

Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). In other words, joinder is fraudulent where a plaintiff's claim against a defendant is "wholly insubstantial and frivolous." Id. at 113. The removing party bears the "heavy" burden of demonstrating fraudulent joinder. Id. at 111 (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010, 1012 n.6 (3d Cir. 1987)). This "heavy burden is imposed to effectuate the strong presumption against removal jurisdiction." Reto v. Liberty Mut. Ins., No. 18-2483, 2018 WL 3752988, at *2 (E.D. Pa. Aug. 8, 2018) (Savage, J.) (citing Brown v. JEVIC, 575 F.3d 322, 326 (3d Cir. 2009)). In determining whether Liberty Mutual has met its burden, the Court is precluded from finding that Feldbauer was fraudulently joined "based on its view of the merits or of those claims or defenses." Ortiz, 2017 WL 1277643, at *2 (quoting Boyer, 913 F.2d at 113). The Court may look beyond the pleadings to identify any indicia of fraudulent joinder. Briscoe, 448 F.3d at 219.

### III. Discussion

Liberty Mutual advances two reasons why removal is proper. First, Liberty Mutual contends that complete diversity is lacking because its principal place is Massachusetts, not Pennsylvania. (Opp'n, at 1–2.) Second, Liberty Mutual argues that Feldbauer was fraudulently joined because Liberty Mutual is vicariously liable for Feldbauer's alleged misconduct. (Id. at 3.) The Court addresses each argument in turn and concludes that because Feldbauer was fraudulently joined, diversity jurisdiction exists.[3]

---

[3] The parties do not dispute that the $75,000 amount-in-controversy requirement has been met.

### A. Liberty Mutual's Principal Place of Business

Plaintiffs essentially argue that Liberty Mutual is a citizen of Pennsylvania because it maintains a regional office in Philadelphia. (Mot. to Remand, at 7.) Liberty Mutual, on the other hand, contends that its principal place of business is Massachusetts. (Opp'n, at 1–2.) Though neither party offers factual support for these allegations, judges in this District have concluded that "[t]he mere fact that defendant may have a registered office within the Commonwealth of Pennsylvania is not sufficient to deny that diversity of citizenship exists." Rubin v. Balt. & Ohio R.R. Co., 324 F. Supp. 204, 205 (E.D. Pa. 1971) (Ditter, J.); see also Viola v. Provident Life & Acc. Ins. Co., No. Civ. A. 00-1656, 2000 WL 1022894, at *3 (E.D. Pa. July 17, 2000) (Padova, J.) (denying motion to remand where defendant corporation alleged that its principal place of business was Tennessee despite the fact that defendant had a regional office in Pittsburgh). Therefore, the Court concludes that Liberty Mutual's principal place of business is Massachusetts.

### B. Fraudulent Joinder

As noted above, Liberty Mutual argues that Plaintiffs cannot state a colorable claim directly against Feldbauer because any claims against Feldbauer are imputed to her employer, Liberty Mutual. (Opp'n, at 3.) Plaintiffs argue that Feldbauer is not fraudulently joined because Feldbauer was the "actual source of the bad faith conduct alleged," as she independently and intentionally delayed litigation, purposely and unreasonable withheld information, and attempted to force Plaintiff Mariano Mattei into settling his claim just to improve her standing with Liberty Mutual. (Mot. to Remand, at 8.)

Plaintiffs contend that Judge Pratter's recent decision in Ellis v. Liberty Mutual Insurance Co., No. 18-1032, 2018 WL 3594987 (E.D. Pa. July 26, 2018), demonstrates that Feldbauer may be held independently liable. In Ellis, the plaintiff, the insured, alleged that the insurance adjuster

assigned to her claim violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Id. at *1. Defendant Liberty Mutual removed the action to federal court, arguing that the adjuster was fraudulently joined, and the plaintiff moved to remand. Id. Judge Pratter concluded that the adjuster was not fraudulently joined solely because of her role as a claims adjuster. Id. The court granted the motion to remand, explaining that "multiple courts" have concluded that an insured may maintain a colorable UTPCPL claim against a claims adjuster. Id. at *3 (citation omitted).

Similarly, Plaintiffs cite Abels v. State Farm Fire & Casualty Co., 770 F.2d 26 (3d Cir. 1985), for the proposition that they have stated a colorable claim against Feldbauer. In Abels, the Third Circuit considered whether the joinder of un-named defendants was fraudulent. Id. at 32–33. Plaintiffs brought several claims against an insurance company and its unidentified employees, including alleged violations of the California Insurance Code. Id. at 28. The court examined whether there was subject matter jurisdiction and held that the joinder of un-named defendants was not fraudulent because the plaintiffs demonstrated subjective intent to proceed against them, and there was sufficient recent authority supporting plaintiffs' California Insurance Code claim. Id. at 32–33. Therefore, the court ruled that remand was proper. Id. at 33.

The Court concludes that Ellis and Abels are factually distinct from the instant matter. Though Plaintiffs are correct that Feldbauer is not fraudulently joined solely because she is a claims adjuster, the Court has not identified any decisions suggesting that Plaintiff Mariano Mattei's bad faith claim against Feldbauer is colorable under Pennsylvania law.

Rather, this case is more factually similar to Reto, 2018 WL 3752988. In Reto, the plaintiffs, who were covered by an insurance policy issued by Liberty Mutual, alleged breach of contract, loss of consortium, and bad faith in violation of Section 8371 against both Liberty Mutual

and the claims adjuster assigned to their case. Id. at *1. Liberty Mutual argued that removal was proper because the adjuster was fraudulently joined, and the plaintiffs moved to remand. Id. Judge Savage concluded that the plaintiffs did not have a colorable bad faith claim against the adjuster, as Section 8371 applies only to insurance companies. Id. at *2. The court explained that the adjuster was not an "insurer" for purposes of a statutory bad faith claim because she was not a party to the insurance contract, and the plaintiffs did not plead that the adjuster acted as an insurer. Id. As a result, Judge Savage denied the motion to remand. Id. at *3.

Just as in Reto, Plaintiff Mariano Mattei in this case cannot state a colorable statutory bad faith claim against Feldbauer, the non-diverse Defendant. Though Liberty Mutual does not cite any cases in its Opposition to the Motion to Remand, it is well-settled that Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371, applies only to insurance companies. Id. at *2; see also Corley v. Nat'l Indemnity Co., No. 16-cv-00584-MMB, 2016 WL 8730146, at *2 (E.D. Pa. Sept. 9, 2016) (Baylson, J.) (citation omitted) ("[O]nly an insurer can be liable for bad faith under the Pennsylvania statute."). By its terms, the statute pertains to "an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured[.]" § 8371. In fact, this Court has flatly held that the statute "does not apply [] to insurance adjusters." Corley, 2016 WL 1578775, at *4 (quoting Peer v. Minn. Mut. Fire & Cas. Co., No. Civ. A. 93-2338, 1993 WL 533283, at *5 (E.D. Pa. Dec. 23, 1993) (DuBois, J.)).

In this case, Feldbauer is not an insurer because she is not a party to the insurance contract, and Plaintiffs do not allege that Feldbauer acted as their insurer. Accordingly, Plaintiff Mariano Mattei lacks a colorable basis to support his statutory bad faith claim against Feldbauer.

Nor can Plaintiff maintain a colorable common law bad faith claim against Feldbauer. The Pennsylvania Supreme Court has held that an insurance adjuster cannot be held liable to an insured

7

for breach of contract. Hudock v. Donegal Mut. Ins. Co., 264 A.2d 668, 672 (Pa. 1970). The Third Circuit has characterized a common law bad faith claim as a contract claim arising from an alleged breach of the duty of good faith and fair dealing. Wolfe v. Allstate Prop. & Cas. Ins. Co., 790 F.3d 487, 497 (3d Cir. 2015). Therefore, Plaintiff would be able to state a colorable bad faith claim against Feldbauer only if there were a possibility that Pennsylvania courts would recognize such a claim sounding in tort.

However, judges in this District have concluded that Pennsylvania law would not support an insured's tortious bad faith claim against a claims adjuster. See, e.g., CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co., 645 F. Supp. 2d 354, 364 (E.D. Pa. 2009) (Brody, J.) (noting that "no common law tort remedy exists for bad faith by an insurer" in Pennsylvania); Peer, 1993 WL 533283, at *6 (denying motion to remand because Pennsylvania courts would not permit an insured to bring a tort claim for an alleged breach of the duty of good faith and fair dealing to recover punitive damages against an adjuster). Accordingly, Plaintiff cannot state a common law bad faith claim against Feldbauer under Pennsylvania law.

As the Court concludes that Plaintiff Mariano Mattei does not have a colorable bad faith claim against Feldbauer, Plaintiff Joanne Mattei's loss of consortium claim against Feldbauer, which is a derivative claim, necessarily fails. See Reeser v. NGK Metals Corp., 247 F. Supp. 2d 626, 630 n.2 (E.D. Pa. 2003) (Bartle, J.) (citing Patterson v. Am. Bosch Corp., 914 F.2d 384, 386 n.4 (3d Cir. 1990) (denying motion to remand where defendants were fraudulently joined, and noting that "[t]he claims for loss of consortium, being derivative, rise and fall with the other claims")).[4]

---

[4] The Court does not reach any conclusions about whether Plaintiff Joanne Mattei's loss of consortium claim against Liberty Mutual, the diverse Defendant, is colorable under Pennsylvania law.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand will be denied.  An appropriate Order follows.

O:\Sam.2018\Mattei v. Liberty Mutual Insurance (18-4643)\18cv4643 Memo re Motion to Remand.docx